UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
AEROWEST GMBH, MARTIN EWERS,
AEROWEST BETEILIGUNGS GMBH,
WOLFGANG KARLSTETTER, and WERNER
EGGERGLUESS,

                              Plaintiffs,

              -against-

GERHARD FREITAG, STEPHANIE FREITAG,
VIDEO INTERNATIONAL DEVELOPMENT
CORPORATION, BERND BRESSEL, and
ULRICH WUCHERPFENNIG,

                              Defendants.

-----------------------------------------------------------X

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★    JUN 28 2016    ★

**LONG ISLAND OFFICE**

MEMORANDUM AND ORDER

CV 15-2894

(Wexler, J.)

APPEARANCES:

        BECKER, GLYNN, MUFFLY, CHASSIN AND HOSINKI LLP
        BY:    Richard N. Chassin, Esq.
               Jordan E. Stern, Esq.
               Michelle R. DeMason, Esq.
        299 Park Avenue
        New York, New York 10171
        Attorneys for Plaintiffs

        ACKERMAN, LEVINE, CULLEN, BRICKMAN & LIMMER, LLP
        BY:    John M. Brickman, Esq.
        1010 Northen Boulevard, Suite 400
        Great Neck, NY 11021
        Attorneys for Defendants Gerhard Freitag,
        Stefanie Freitag, and Ulrich Wucherpfennig

        MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
        BY:    Robert N. Zausmer, Esq.
        200 Summit Lake Drive
        Valhalla, New York 10595
        Attorneys for Defendants Video International
        Development Corporation and Bernd Bressel

WEXLER, District Judge:

Before the Court is Defendants' motion to dismiss Plaintiff's amended complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Plaintiffs Aerowest GmbH ("Aerowest"), Martin Ewers ("Ewers"), Aerowest Beteiligungs GmbH ("Aerowest Parent"), Wolfgang Karlstetter ("Karlstetter") and Werner Eggergluess ("Eggergluess"), (collectively, "Plaintiffs') opposes the motion. For the following reasons, Defendants' motion is granted in its entirety.

## BACKGROUND

Plaintiffs' amended complaint alleges a claim for violations of the civil RICO statute, 18 U.S.C. § 1962(c), and for conspiracy to violate the RICO statute, under 18 U.S.C. § 1962(d). Plaintiffs allege that the Defendants Gerard Freitag ("Freitag"), Stephanie Freitag ("Stefanie Freitag"), Video International Development Corporation ("VIDC"), Bernd Bressel ("Bressel"), and Ulrich Wucherpfennig ("Wucherpfennig"), (collectively "Defendants") engage in a scheme to extract cash and stock from Plaintiffs. The essence of the scheme as alleged by the Plaintiffs is that Defendants "manufacture a fake transaction pursuant to which on (or more) of the [P]laintiffs[1] purportedly promises material assets to the [D]efendants. The [D]efendants forge documents to substantiate the sham and commence legal action against the targeted [P]laintiff on the basis of the sham if and when the [P]laintiff refuses their demands. The [D]efendants submit fake testimony to the courts in support of their fake claims." Amended Complaint ("AC") ¶ 20.

Plaintiffs allege four "legs" of the overall scheme. The first leg involves efforts by the

---

[1]Plaintiffs are former business partners of the Defendant Freitag, and the Defendants "have a long shared commercial (and personal) history with each of the Plaintiffs." AC ¶¶ 1-2.

Defendants to defraud Plaintiff Aerowest out of commission payments on airplane sales, by, for example, Defendant Freitag creating a false claim that Aerowest owed VIDC the commission on an airplane sale from 2005, and developing the scheme through false mailings and wires. AC ¶¶ 31-41. Plaintiffs allege Plaintiff Aerowest was duped by the scheme. AC ¶ 39. A similar scheme was later developed in connection with another sale, in which Defendant Freitag created a sham commission agreement, about which VIDC brought a lawsuit Germany in 2013. AC ¶¶ 42-68. After the German trial court found in Aerowest's favor, the Amended Complaint alleges that the Defendants created additional sham documents and used fraudulent testimony convince the appellate court to reverse and rule in favor of VIDC. Those proceedings remain pending in Germany. AC ¶¶ 63-64.

Plaintiffs allege the second leg of the scheme concerns a sham transaction created by Defendant Freitag in which he claimed to own stock in Plaintiff Aerowest through options he allegedly received from Plaintiff Ewers in 1977.[2] Litigation over that ownership interest was also litigated in Germany, and Freitag's claims were rejected, but "Freitag continues to press his claim," causing Plaintiffs to incur legal fees. AC ¶ 91.

The third leg concerns an attempt by Freitag and his wife Stefanie Freitag, and the other two Defendants (Bressel is Freitag's stepson), to defraud Plaintiff Eggersgluess by inventing an oral agreement by Eggersgluess to pay Stefanie Freitag. This also resulted in a lawsuit by Stefanie Freitag in Germany over the "fake" note, which involved false testimony and the support and participation by the other Defendants, who used the mail, the phone and email to

---

[2]Aerowest is currently owned by Aerowest Parent, Ewers and Karlstetter. In 1977, it was owned solely by Ewers. AC ¶ 71.

communicate. AC ¶¶ 92-110.

The fourth leg also involved an allegedly false debt owed to VIDC, and is a "corollary to (and is coordinated with) Stefanie Freitag's attempt to defraud Eggersgluess," and also includes false testimony, fake documents and fabricated transactions. AC ¶¶ 28-29; 111-125. This is the subject of a legal proceeding in New York state court, Nassau County. AC ¶ 112.

As noted above, Plaintiffs' Amended Complaint alleges two claims: a claim for violations of the civil RICO statute, 18 U.S.C. § 1962(c), and a claim for conspiracy to violate the RICO statute, under 18 U.S.C. § 1962(d). Defendants move to dismiss both claims.

## DISCUSSION

I.    Standards on Motion to Dismiss

When considering a motion to dismiss made pursuant to Rule 12(b)(6), the court must accept the factual allegations in the complaints as true and draw all reasonable inferences in favor of Plaintiff. Lundy v. Catholic Health System of Long Island Inc., 711 F.3d 106, 113 (2d Cir. 2013) (citations omitted); see Ruston v. Town Bd. for Town of Skaneateles, 610 F.3d 55, 58-59 (2d Cir. 2010). The plaintiff plead enough facts "to state a claim for relief that is plausible on its face." BellAtlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The "short and plain" pleading standard of Rule 8 of the Fed.R.Civ.Proc. does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, at 678, quoting Twombley, at 555 (other citations omitted). A "formulaic recitation of cause of action's elements will not do... Factual allegations must be enough to raise a right to relief above the speculative level." Twombley, at 555. "Determining whether a complaint states a plausible claim for relief" is a

-4-

"context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, at 679. Reciting bare legal conclusions is insufficient, and "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, at 679. A pleading that does nothing more than recite bare legal conclusions is insufficient to "unlock the doors of discovery." Iqbal, 556 U.S. at 678-679.

II.     Plaintiffs' Civil RICO Claims

        A.  Plaintiffs' Civil RICO Claim under 18 U.S.C. § 1962(c)

        18 U.S.C. § 1962(c) makes it unlawful for "any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity . . . ." 18 U.S.C. § 1962(c). A violation of Section 1962(c) is properly pled by a showing of: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." DeFalco v. Bernas, 244 F.3d 286, 306 (2d Cir. 2001) (quoting Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985)).

        A plaintiff's burden is high when pleading RICO allegations as "[c]ourts look with particular scrutiny at claims for a civil RICO, given RICO's damaging effects on the reputations of individuals alleged to be engaged in RICO enterprises and conspiracies." Spiteri v. Russo, No. 12–CV–2780 (MKB)(RLM), 2013 WL 4806960, at *45, 2013 U.S. Dist. LEXIS 128379, at *173 (E.D.N.Y. Sept. 7, 2013). Here, Plaintiffs' RICO claim does not meet this burden. Plaintiffs fail to properly plead either the existence of a distinct enterprise or a pattern of racketeering activity, both of which are necessary to establish a violation of 18 U.S.C. § 1962.

For the reasons set forth below, the allegations asserted in Plaintiffs' Amended Complaint fails to rise to the level of a federal RICO claim.

    1.    <u>Enterprise</u>

A RICO enterprise is defined broadly and includes any "individual, partnership, corporation, association or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). Such an enterprise need not be a formal corporation, group or organization. Instead, the statute is satisfied by a showing of a formal or informal group of persons, "associated for a common purpose of engaging in a course of conduct" which then functions as a "continuing unit." <u>United States v. Turkette</u>, 452 U.S. 576, 583 (1981); <u>see also</u> <u>United States v. Morales</u>, 185 F.3d 74, 80 (2d Cir. 1999). The defendants alleged to be members of the enterprise unit must "share a common purpose to engage in a particular fraudulent course of conduct" and work together to achieve their goal. <u>First Capital Asset Management, Inc. v. Satinwood, Inc.</u>, 385 F.3d 159, 174. (2d Cir. 2007) (citations omitted).

In support of a claim that there exists a RICO enterprise, a plaintiff must also plead that each defendant participated in the "operation or management" of the enterprise. <u>First Capital</u>, 385 F.3d at 175-76. This requires a showing that each had "some part" in "directing the affairs of the enterprise." <u>Reves v. Ernst & Young</u>, 507 U.S. 170, 179 (1993). While each defendant need not have primary responsibility for the functioning of the enterprise, each must, at least, have some part in directing the affairs of the alleged unit. <u>See</u> <u>De Falco v. Bernas</u>, 244 F.3d 286, 309 (2d Cir. 2001). Additionally, a claim of a RICO enterprise must be supported by information "regarding the hierarchy, organization, and activities of the alleged enterprise," to support the

allegation that the enterprise is a functioning unit. <u>Continental Fin. Co. v. Ledwith</u>, No. 08 Civ. 7272, 2009 WL 1748875, at *5 (S.D.N.Y. June 22, 2009) (citation omitted); <u>see also</u> <u>Mikhlin v. HSBC</u>, No. 08-CV-1302, 2009 WL 485667, at *3 (E.D.N.Y. Feb. 26, 2009). "The enterprise must be separate from the pattern of racketeering activity, and distinct from the person conducting the affairs of the enterprise." <u>First Capital</u>, 385 F.3d at 173 (citing <u>Turkette</u>, 452 U.S. at 583, 101 S.Ct. 2524 and <u>Cedric Kushner Promotions, Ltd. v. King</u>, 533 U.S. 158, 161–62, 121 S.Ct. 2087, 150 L.Ed.2d 198 (2001).

While the standard for pleading an enterprise in this circuit is liberal, the court cannot conclude that Plaintiff's Amended Complaint reaches even this low threshold. A RICO "association in fact" enterprise requires at least the pleading of an organized entity, and not, as here, pleading only that a group existed to commit fraud. It requires that the enterprise have a common purpose, and functions as a continuing unit, and that each Defendant has some part in directing the affairs of the enterprise. Plaintiffs' Amended Complaint fails to do this.

Plaintiffs also merely lump all the Defendants' together in an attempt to manufacture an enterprise. The complaint alleges each Defendant is a "person," (AC ¶ 127) and that "the [D]efendants collectively constitute and participate in an association in fact enterprise with the common purpose of defrauding the [P]laintiffs out of material assets." AC ¶ 128. The Amended Complaint fails to allege that the enterprise exists "separate from the predicate acts," or apart from the "pattern of racketeering activity" as required. As stated by one court, "the enterprise must be 'an entity separate and apart' from their alleged illegal activities.'" <u>Hoatson V. New York Archdiocese</u>, No. 05 Civ. 10467(PAC), 2007 WL 431098, at *3 (S.D.N.Y. Feb. 8, 2007). The defendants cannot be "grouped together for the sole reason that they all allegedly had" in the

alleged acts. Id. "The 'enterprise,' however, must exist and function separately from the alleged illegal acts." Id. As in that case, Plaintiffs' conclusory allegations here do not substantiate an "enterprise" as required for a RICO claim. Mackin v. Auberger, 59 F.Supp.3d 528, 544 (W.D.N.Y. 2014) (plaintiff fails to allege facts that the "[t]he pattern of racketeering activity and the enterprise are separate.").

    2.    <u>Pattern of Racketeering Activity</u>

A "pattern of racketeering activity" requires a showing of at least two related predicate acts of racketeering activity occurring within a ten year period." 18 U.S.C. § 1961(5); <u>see also</u> <u>First Capital</u>, 385 F.3d at 178. Predicate acts of racketeering activity encompass a variety of federal and state criminal offenses, including wire fraud and mail fraud, as alleged here. <u>See</u> 18 U.S.C. § 1961(1); <u>see also</u> 18 U.S.C. §§ 1341 (mail fraud), 1343 (wire fraud).

To state a RICO claim predicated on mail or wire fraud, a complaint must "specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiffs contend the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." <u>Babb v. Capitalsource, Inc.</u>, 588 Fed.Appx. 66, (2d Cir. 2015) (citing <u>Moore v. PaineWebber, Inc.</u>, 189 F.3d 165, 173 (2d Cir. 1999)). The plaintiff must comply with Federal Rule of Civil Procedure 9(b)'s requirement to plead with particularity. <u>Moore v. PaineWebber, Inc.</u>, 189 F.3d 165, 172-73 (2d Cir. 1999)); <u>see also</u> <u>Plount</u> <u>v. Am. Home Assurance Co.</u>, 668 F. Supp. 204, 206 (S.D.N.Y. 1987) ("[A]ll of the concerns that dictate that fraud be pleaded with particularity exist with even greater urgency in civil RICO actions."). "Allegations of predicate mail and wire fraud acts 'should state the contents of the communications, who was involved, . . . where and when they took place, and . . . explain why

they were fraudulent.'" Spool v. World Child Int'l Adoption Agency, 520 F.3d 178, 185 (2d Cir. 2008) (quoting Mills v. Polar Molecular Corp., 12 F.3d 1170, 1176 (2d Cir. 1993)).

Plaintiffs' Amended Complaint fails to plead either mail or wire fraud with the requisite particularity. While Plaintiffs allege that Defendants made certain fraudulent statements, on the telephone, via mail and email, the Amended Complaint fails to specify when these fraudulent statements were made, what was specifically said or how they were fraudulent. Other than making conclusory allegations, nor do the "plaintiffs ... identify the purpose of the mailing [or email] within the defendant's fraudulent scheme." Babb, 588 Fed.Appx. at 68 (quoting Moore v. PaineWebber, Inc., 189 F.3d at 173). Rather, the Complaint merely repeats the same conclusory allegations that Defendants made fraudulent claims, or falsified testimony or evidence as part of the overall scheme to extort money from the Plaintiffs. See e.g., AC ¶¶ 129, 134. Such conclusory allegations are insufficient to state a claim for mail or wire fraud.[3]

Based on the foregoing, the Court finds that Plaintiffs' Complaint fails to adequately plead a substantive civil RICO claim. Accordingly, Defendants' motion to dismiss is granted and Plaintiffs' RICO claim is dismissed.

## B. Civil RICO Conspiracy Claim under 18 U.S.C. § 1962(d)

Plaintiffs' complaint also alleges a violation of the RICO conspiracy statute. Specifically, Plaintiff alleges a violation of 18 U.S.C. § 1962(d), which makes it "unlawful for any person to conspire to violate any of the provisions of subsections (a), (b), or (c)" of the RICO statute. 18

---

[3]Nor do litigation tactics form a basis for RICO claims. Curtis & Assocs., P.C. v. Law Offices of David A. Bushman, Esq., 7658 F.Supp.2d 153, 171-172 (E.D.N.Y. 2010) ("allowing a federal RICO statute to usurp underlying legitimate state court litigation as proposed by plaintiffs here would inappropriately bypass the state tribunal where the action is pending and which properly controls that proceeding.")

U.S.C. § 1962(d). Proper pleading of a substantive RICO violation is required to sustain a RICO conspiracy claim. See First Capital, 385 F.3d at 182; Wild Edibles Inc. v. Industrial Workers of the World Loc. 460/640, No. 07 Civ. 9225, 2008 WL 4548392, at *3 (S.D.N.Y. Oct. 9, 2008). Since Plaintiffs' civil RICO claim fails, so too does the civil RICO conspiracy claim. Defendants' motion to dismiss this claim is also granted.[4]

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted in its entirety. The Clerk of the Court is directed to close this matter.[5]

SO ORDERED.

s/ Leonard D. Wexler

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
June 28 2016

---

[4]The Court finds it unnecessary to address Defendants' additional arguments that the Court should abstain from exercising jurisdiction over this case under principles of international comity, out of respect for the legal actions involving these parties that have concluded or are still pending in Germany and/or New York state court.

[5]To the extent Defendants' counsel's letter at docket entry 45 is a request for a pre-motion conference for permission to move for Rule 11 sanctions against Plaintiffs' counsel, that request is denied.